UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIMPLIVITY CORPORATION )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>SPRINGPATH, INC. )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br>NO. 4:15-13345-TSH |

April 27, 2016

**ORDER**

On January 26, 2016, this court conducted a motion hearing in connection with defendant Springpath, Inc.'s (Springpath) motion to dismiss plaintiff SimpliVity Corporation's ("SimpliVity") First Amended Complaint ("FAC").  See Docket # 36.  The parties subsequently agreed that in lieu of the court ruling on Springpath's motion to dismiss the FAC, Springpath would withdraw its motion without prejudice and SimpliVity would file a Second Amended Complaint ("SAC").  See Docket # 42-2.  The parties did so, see Docket # 38, 46, and Springpath now has moved to dismiss the SAC.  See Docket # 40.  In connection with its motion to dismiss the SAC, Springpath has requested that the court take judicial notice of the entire January 26, 2016 hearing transcript (which as noted, concerned Springpath's motion to dismiss the FAC).  See Docket # 43.  The Honorable Timothy S. Hillman has referred to me Springpath's motion for judicial notice, see Docket # 53, which is denied.

Fed. R. Evid. 201(b) states that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The rule allows for "judicial notice of an adjudicative fact only," which the Advisory Committee Notes clarify "are simply the facts of the particular case"; those "concerning the immediate parties—who did what, where, when, how, and with what motive or intent. . . . They are the facts that normally go to the jury in a jury case." See Fed. R. Evid. 201(a) and Advisory Committee Note to Subdivision (a) (quoting Kenneth Davis, 2 Administrative Law Treatise 353). One treatise elucidates that "Rule 201 does not authorize courts to judicially notice irrelevant facts. An irrelevant fact could hardly be an 'adjudicative fact' within the meaning of Rule 201. In any event, the few federal cases considering the issue have insisted that noticed facts be relevant." Kenneth W. Graham, Jr., Facts Judicially Noticeable; Indisputability, 21B Fed. Prac. & Proc. Evid. § 5104 (2d ed.). Relatedly, courts are cautioned to "insist[ ] that lawyers specify precisely the fact to be noticed." See id. As applied to the present context,

> [w]hile a court may take judicial notice of a judicial or administrative proceeding which has a direct relation to the matters at issue, a court can only take judicial notice of the *existence* of those matters of public record (the existence of a motion or of representations having been made therein) but not of the *veracity* of the arguments and disputed facts contained therein.

United States v. S. California Edison Co., 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) (internal quotation marks omitted) (emphases in original).

      This framework compels denial of Springpath's motion on at least two grounds. First, by Springpath's own admission, the FAC "is no longer the operative complaint in this case." See Docket # 46. It is difficult to conceive arguments pertaining to a now-defunct complaint bearing "a direct relation to the matters at issue," or informing "who did what, where, when, how, and with what motive or intent," or being facts appropriate for submission to the jury, see supra, or

serving any purpose other than to "confuse[ ] the record." See Jones v. Tozzi, No. 05 Civ. 0148, 2006 WL 355175 (E.D. Cal. Feb. 15, 2006), at *1 n.1.

Further, Springpath's motion asks the court to take judicial notice "of the transcript" of the motion hearing. See Docket # 44 at p. 2. It is unclear what aspect "of the transcript" Springpath wishes to be noticed, but in any event, the request is improper: on the one hand, relevance issues aside, the court may not notice the veracity of the arguments contained in the transcript. See S. California Edison Co., 300 F. Supp. 2d at 974. And on the other, any request for the court to notice the mere existence of these arguments is gratuitous—as stated in Tozzi, "[i]t is not necessary for the court to take judicial notice of published judicial decisions or of documents that are part of the record of this case. Plaintiff may simply cite to these sources in his legal papers." 2006 WL 355175, at *1 n.1.[1]

Thus, to the extent Springpath wishes to support its current motion to dismiss the SAC by citing to a hearing concerning the now non-operative FAC, it is welcome to do so. But judicial notice of the hearing transcript would be in some combination irrelevant, unnecessary, and beyond the scope of Rule 201—and in any event, improper. Accordingly, Springpath's motion for judicial notice (Docket # 43) is denied.

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[1] Indeed, Springpath argues that "[w]hen adjudicating a motion to dismiss, the Court *can consider* 'documents incorporated by reference [in the complaint], matters of public record, and other matters susceptible to judicial notice.'" Docket # 44 at p. 1 (quoting Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008)) (emphasis added). The court agrees that it may do so, but cannot abide Springpath's suggestion that this allowance mandates judicial notice.